UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NEW FALLS CORPORATION

                    Plaintiff,

-against-

RAEANN NEMIROFF, ASHLEY NEMIROFF,

                    Defendants.
------------------------------------------------------------X

**ORDER**
12-CV-3300(SJF)(WDW)

FEUERSTEIN, J.

On July 3, 2012, plaintiff New Falls Corporation ("plaintiff") initiated this action against Raeann Nemiroff and Ashley Nemiroff ("defendants") seeking to recover property allegedly fraudulently conveyed by Ashley Nemiroff to prevent plaintiff's collection of a judgment entered against him in the United States Bankruptcy Court, Eastern District of New York. [Docket Entry No. 1] ("Compl."). On July 23, 2012, the Court ordered defendants to show cause why an order should not be entered issuing a preliminary injunction against defendants preventing the transfer of funds contained in a certain account maintained with TD Ameritrade, Inc. pending determination of this action. [Docket Entry No. 3]. Defendants consented to the relief sought by plaintiff in the order to show cause, [Docket Entry No. 7], and the Court "so ordered" the stipulation on August 12, 2012, [Docket Entry No. 8]. Now before the Court is defendants' motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. [Docket Entry No. 10] ("Mot.").[1] For the reasons that follow, defendants' motion is DENIED.

---

[1] The branch of defendants' motion arguing that the Court should deny plaintiff's motion for a preliminary injunction has been withdrawn in light of the parties' previous stipulation that the preliminary injunction will remain in effect pending the outcome of these proceedings.

1

I.  Background

Ashley Nemiroff was the sole owner and operator of ASH, Inc. ("ASH"). Mot. at 2. ASH obtained a loan from Island Mortgage, Inc. ("Island Mortgage"), and Island Mortgage subsequently obtained a judgment against Ashley Nemiroff on the loan. Id. The judgment was assigned to plaintiff on September 5, 2007. Compl. Ex. A.

Defendants allege that plaintiff filed an action in New York state court to collect the judgment, which remains pending, and that plaintiff "recently instituted a substantially similar action . . . and been [sic] awarded a subpoena duces tecum on Barclays related thereto." Mot. at 3. Defendants argue that in light of these ongoing state-court proceedings, the Court should abstain from exercising jurisdiction over this case pursuant to the abstention doctrine established by the Supreme Court in <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976), as "the present action, while nominally alleging a fraudulent conveyance, is in fact an attempt to circumvent . . . already pending and extensive litigation in the New York state court system . . . [involving] the same factual and legal allegations." Mot. at 1.

In response, plaintiff asserts that "there is no concurrent or parallel State Court matter pending, much less one which would trigger abstention," since the state-court proceedings relied upon by defendants related only to plaintiff's post-judgment discovery efforts and did not involve the fraudulent conveyance claims asserted here. Plaintiff's Affirmation in Opposition [Docket Entry No. 11] ("Pl. Aff.") at ¶ 5.

II.  Analysis

The Supreme Court held in <u>Colorado River</u> that "a federal court may abstain from exercising jurisdiction when parallel state-court litigation could result in 'comprehensive disposition of litigation' and abstention would conserve judicial resources." <u>Niagara Mohawk</u>

2

Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 100 (2d Cir. 2012) (quoting Colorado River, 424 U.S. at 817-18). The state-court litigation between plaintiff and defendants, to the extent it is ongoing, does not justify the Court's abstention from exercising jurisdiction in this case.

After the judgment was entered against Ashley Nemiroff and assigned to plaintiff, "[a]s part of post-judgment discovery, [plaintiff] caused to be prepared a Post-Judgment Judicial Subpoena Duces Tecum, dated October 15, 2010, for the documents and deposition of Defendant Raeann Nemiroff, who is the wife of . . . Ashley Nemiroff." Pl. Aff. at ¶ 9. Due to Raeann Nemiroff's failure to comply with the subpoena, plaintiff filed a petition for contempt, and Raeann Nemiroff eventually produced documents and appeared for a deposition. Id. at ¶ 10. According to plaintiff, Raeann Nemiroff's deposition testimony revealed the fraudulent conveyances that are the subject of this action . Id. at ¶ 10. Plaintiff states that "[t]here is no other matter pending, much less one that would affect the instant case." Id. at ¶ 12.

Defendants rely only upon the foregoing subpoena and contempt proceedings in asserting that there is an ongoing state litigation that would justify the Court in abstaining from exercising jurisdiction over this case. These discovery proceedings would not resolve the fraudulent conveyance claims asserted here. Moreover, the state-court litigation appears to have been resolved. See Compl. Ex. C. Therefore, defendants have failed to show that there is a parallel state-court litigation that would result in the "comprehensive disposition" of this action. Accordingly, defendants' motion to dismiss plaintiff's complaint upon the basis of Colorado River abstention is denied.

III. Conclusion

For the foregoing reasons, defendants' motion to dismiss plaintiff's complaint [Docket Entry No. 10] is DENIED. **The parties are directed to appear for an initial conference before the Court on April 10, 2013 at 11:15 a.m.**

**SO ORDERED.**

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: April 2, 2013
Central Islip, New York